Parsons Behle & Latimer
Robert L. Rosenthal, Bar No. 6476
Shelley L. Lanzkowsky, Bar No. 9096
Norman H. Kirshman, Bar No. 2733
411 E. Bonneville Avenue, Suite 300
Las Vegas, NV 89101
Telephone:    (702) 384-3877
Facsimile:    (702) 384-7057

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| VIKKI RALEV,<br><br>    Plaintiff,<br><br>v.<br><br>ADAM S. KUTNER, P.C. and ADAM S. KUTNER, individually,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION [28 U.S.C. SECTION 1331]** |

TO:   VIKKI RALEV, Plaintiff; and

TO:   DANIEL MARKS, ESQ, and MICHAEL J. BOGNAR, ESQ., her attorneys of record.

PLEASE TAKE NOTICE that Defendants ADAM S. KUTNER, P.C., and ADAM S. KUTNER., hereby removes to this Court the State Court action described below:

1.   On or about October 26, 2006, an action was commenced in the District Court, Clark County, Nevada, entitled Vikki Ralev v. Adam S. Kutner, P.C. and Adam S. Kutner, individually, Case No. A 530513,

2.   Defendants were served with a copy of said Complaint on or about November 1, 2006.

3.   This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331, as Plaintiff's Complaint, County VI, states a claim for "Discrimination

Under 42 U.S.C. Section 2000(e). Accordingly, Plaintiff's Complaint may be removed to this Court.

4. This Court has supplemental jurisdiction over any non-federal claims.

5. Plaintiff's Complaint, attached hereto as Exhibit A is, to Defendants' knowledge, the only pleadings filed in this case to date.

6. This notice is timely filed within thirty days of service.

7. Defendants have prepared and will this day file with the clerk of the Eighth Judicial District Court a copy of this Notice.

Dated: November 21 2006

Parsons Behle & Latimer

By: /s/ Robert L. Rosenthal
Robert L. Rosenthal
Shelley L. Lanzkowsky
411 E. Bonneville, Suite 300
Las Vegas, Nevada 89101
Attorneys for Defendants

PARSONS BEHLE & LATIMER

# PROOF OF SERVICE

I, Barbara Dunn, declare:

I am a citizen of the United States and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 411 E. Bonneville Avenue, Suite 300, Las Vegas, Nevada 89101. On November 21, 2006, I served a copy of the within document(s):

NOTICE OF REMOVAL OF ACTION [28 U.S.C. SECTION 1331]

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Daniel Marks, Esq.
LAW OFFICE OF DANIEL MARKS
302 E. Carson, Suite 702
Las Vegas, NV 89101

Michael J. Bognar, Esq.
HABBAS, BOGNAR & ASSOC.
528 S. Casino Center Blvd., 3rd Floor
Las Vegas, NV 89101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

Executed on November 21, 2006, at Las Vegas, Nevada.

*Barbara J. Dunn*
Barbara J. Dunn

**EXHIBIT A**

```
 1  COMP
    LAW OFFICE OF DANIEL MARKS
 2  DANIEL MARKS, ESQ.
    Nevada State Bar No. 002003                        FILED
 3  302 East Carson, Suite 702
    Las Vegas, Nevada  89101                     Oct 26  10 35 AM '06
 4  (702) 386-0536 - FAX: (702) 386-6812
     Co-Counsel for Plaintiff
 5       -and-                                        CLERK
    HABBAS, BOGNAR & ASSOCIATES, P.C.
 6  Michael J. Bognar, Esq.
    Nevada State Bar No. 008966
 7  528 South Casino Center Blvd., 3rd Floor
    Las Vegas, Nevada 89101
 8   Co-Counsel for Plaintiff
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA   A530515

VIKKI RALEV,

      Plaintiff,

vs.

ADAM S. KUTNER, P.C. and
ADAM S. KUTNER, individually,

      Defendants.

Case No.
Dept. No.

**ARBITRATION EXEMPT**
**INJUNCTIVE & DECLARATORY**
**RELIEF REQUESTED**

## **COMPLAINT**

COMES NOW the Plaintiff Vikki Ralev, by and through her counsel, Daniel Marks, Esq., of the Law Office of Daniel Marks, and Michael J. Bognar, Esq., of the law firm Habbas, Bognar & Associates, P.C., and for her cause of action against the Defendants herein alleges as follows:

1. That at all times material hereto, Plaintiff Vikki Ralev, was a resident of Clark County, Nevada.

2. That at all times material hereto, Adam S. Kutner, P.C. was and is professional corporation duly organized, existing and qualified to do business under the laws of the State of Nevada.

3. That at all times material hereto, Adam S. Kutner, was a resident of Clark County, Nevada.

////
////

1

## COUNT I

### (Breach of Contract)

4. Plaintiff restates the allegations of Paragraphs 1 through 3 and incorporates them herein by reference.

5. That Plaintiff was hired by the Defendant corporation on January 23, 2004 as a legal assistant.

6. That as a part of Plaintiff's compensation package, she was employed with a $75,000.00 per year salary with a guaranteed bonus and other bonuses based upon her productivity, including settlement bonuses due to potential settlements of Vioxx and other major litigation. Plaintiff was promised she would not be terminated except for cause.

7. That during the Plaintiff's employment, she performed satisfactorily under all reasonable rules and regulations set forth by the Defendant corporation.

8. That beginning in approximately May of 2005, the Plaintiff was subjected to a hostile work environment that included humiliating, embarrassing and inhumane treatment which necessitated her departure by constructive termination on August 10, 2005.

9. That based on the breach of Plaintiff's contract, Plaintiff has lost back pay, front pay, including future bonuses in an amount in excess of $10,000.00.

## COUNT II

### (Assault and Battery)

10. Plaintiff restates the allegations of Paragraphs 1 through 9 and incorporates them herein by reference.

11. That in or about December of 2004, and at other times in 2005, Defendant Adam S. Kutner, acting in the course and scope of his employment with Adam S. Kutner, P.C., did physically assault and batter said Plaintiff by throwing telephone headsets at her, assaulting her with golf clubs, etc. Said assault and battery occurred in Clark County, Nevada, and has caused damages in an amount in excess of $10,000.00.

////
////

## COUNT III

### (False Imprisonment)

12. Plaintiff restates the allegations of Paragraphs 1 through 11 and incorporates them herein by reference.

13. That on or about May 29, 2005 Defendant individually, and in the course and scope of his employment with the Defendant corporation, did physically prevent Plaintiff from leaving a room in the law office of Adam S. Kutner, P.C. located in Clark County, Nevada.

14. That Plaintiff's freedom to movement was so constrained that it constituted common law false imprisonment under the laws of the State of Nevada.

15. That because of said false imprisonment, Plaintiff has been damaged in an amount in excess of $10,000.00.

## COUNT IV

### (Intentional Infliction of Emotional Distress)

16. Plaintiff restates the allegations of Paragraphs 1 through 15 and incorporates them herein by reference.

17. That the Defendant individually, and in the course and scope of his employment with the Defendant corporation, did make comments to Plaintiff by calling her a fucking dumb ass, referred to women as stupid, commenting on physical body parts of women, making her watch himself groom himself and talk about his sexual conquests.

18. That said comments were made to humiliate and embarrass Plaintiff and constituted intentional infliction of emotional distress.

19. That because of said comments, Plaintiff has been damaged in an amount in excess of $10,000.00.

## COUNT V

### (Negligent Infliction of Emotional Distress)

20. Plaintiff restates the allegations of Paragraphs 1 through 19 and incorporates them herein by reference.

////

21. That the Defendant individually, and in the course and scope of his employment with the Defendant corporation, did make comments to Plaintiff by calling her a fucking dumb ass, referring to women as stupid, commenting on physical body parts of women, making her watch himself groom himself and talk about his sexual conquests.

22. That said comments were done negligently and constitute negligent infliction of emotional distress.

23. That because of said comments, Plaintiff has been damaged in an amount in excess of $10,000.00.

## COUNT VI

**(Discrimination Under 42 U.S.C. § 2000(e) and NRS Chapter 613)**

24. Plaintiff restates the allegations of Paragraphs 1 through 23 and incorporates them herein by reference.

25. That beginning in approximately May of 2005 through the end of Plaintiff's employment in August of 2005 with the Defendant corporation, the Plaintiff was subjected to a severe and hostile work environment on the basis of her gender and sex, in having to listen to comments regarding Defendant's sexual conquests, comments on female body parts and their sizes, and other sexual matters.

26. That said comments were severe and pervasive and occurred on a frequent basis.

27. That said comments constituted discrimination under 42 U.S.C. § 2000(e), NRS 613, et al.

28. That Plaintiff constructively terminated her employment on or about August 10, 2005 because of said actions by the Defendant corporation.

29. That Plaintiff complied with all statutory and/or administrative prerequisites for filing this action, and has requested and obtained a right to sue letter from the Equal Employment Opportunity Commission, and has filed this action within ninety (90) days of receipt of her right to sue letter.

30. That Plaintiff is entitled to back pay, front pay, compensatory damages.

31. That the actions of the Defendants were done with actual malice, fraud and oppression and Plaintiff is entitled to punitive damages under 42 U.S.C. § 2000(e), et al. and her common

law claims set forth in Counts II, III and IV herein.

32. That as a direct and proximate result of the Defendants' actions and/or conduct, the Plaintiff is entitled to an award attorney's fees.

## COUNT VII

### (Injunctive Relief)

33. Plaintiff restates the allegations of Paragraphs 1 through 32 and incorporates them herein by reference.

34. That as a direct and proximate result of the Defendants' actions, the Plaintiff seeks injunctive and declaratory relief, to enjoin the Defendant from continuing to practice discrimination in the workplace and for a declaration of her rights.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For back pay in an amount in excess of $10,000.00;
2. For front pay, including future bonuses in an amount in excess of $10,000.00;
3. For compensatory damages in an amount in excess of $10,000.00;
4. For punitive damages in an amount in excess of $10,000.00;
5. For injunctive relief enjoining the Defendant from continuing to practice discrimination in the workplace;
6. For attorney's fees and litigation costs incurred;
7. For pre-judgment interest and post-judgment interest;

////
////
////
////
////
////
////
////
////

5

8. For such other and further equitable relief, including injunctive relief, as the Court deems just and proper.

DATED this ___25___ day October 2006

LAW OFFICE OF DANIEL MARKS

DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
302 East Carson Avenue, Suite 702
Las Vegas, Nevada 89101
Co-Counsel for Respondent

-and-

HABBAS, BOGNAR & ASSOCIATES, P.C.
MICHAEL J. BOGNAR, ESQ.
Nevada State Bar No. 008966
528 South Casino Center Blvd., 3rd Floor
Las Vegas, Nevada 89101
Co-Counsel for Plaintiff